[Decided January 29, 1887.]

R. J. WEISBACH, ATTACHMENT DEBTOR, AND JOSEPH KLEE, JACOB RALPH, PETER O'RILEY, AND FREDERICK NACHTSTEIN, GARNISHEES, *v.* ARNOLD, POLLOCK, AND COMPANY.

1. JURISDICTION — PARTIES — COURT — GARNISHEE. — An order of court requiring certain persons, not impleaded in an action, nor parties thereto except as garnishees, and having no notice, to deliver certain property claimed by them to another also not a party to the suit, but being the sheriff holding the attachment writ, is void for want of jurisdiction, and amounts to the taking of private property without due course of law.

ERROR to the District Court holding terms at Tacoma. Second District.

Suit was brought in the District Court by defendants in error against Weisbach, on an account, and an attachment issued against the property of the latter, and garnishee process was issued and served on the above-named Joseph Klee, Jacob Ralph, Peter O'Riley, and Frederick Nachtstein. In obedience to the garnishee process, all the parties answered that they were not indebted to the defendants, and that they had neither credits, money, nor other personal property belonging to defendant in their possession or under their control. Thereupon, Klee and Ralph and defendant Weisbach were examined under section 182 of the Code, before a referee appointed by the court, touching defendants' property in the hands of the garnishee. The evidence thus obtained tended to show that defendant was a merchant, and that the garnishees had indorsed at different times promissory notes for him amounting to about eighteen thousand nine hundred dollars, to secure payment of his indebtedness; that the holders of the notes threatened to bring suit upon them, and that defendant was unable to pay them. That for the purpose of saving his indorsers harmless as far as possible, the defendant executed a bill of sale of his remaining stock of merchandise to the indorsers, who took possession of the same and of the store, and from that time continuously had sole possession and absolute control of the same under the bill of sale. No other consideration passed from the indorsers to the defendant for the bill of sale. The referee made his report of the evidence so taken, and the plaintiff applied to the court for an order requiring said garnishees to deliver to the sheriff so much of the property mentioned in the bill of sale, and received by them from the defendant, as remained with them, after realizing a sufficient sum from the sale thereof to pay certain promissory notes of defendant, and indorsed by said

garnishees, amounting to $2,104.75, being balance due on said indorsed notes, and that the property so delivered should be held by the sheriff to satisfy any judgment recovered in this suit. No notice of this application was served upon any of the garnishees, and the court at chambers granted the application as prayed for, and made the order accordingly. At the subsequent term of the court, the garnishees for the first time appeared in the action, and claiming that by reason of the bill of sale and transfer of possession of the property the same was beyond the reach of garnishee process and the orders of the court in this action, moved the court to set aside the order, alleging, as grounds, want of notice and insufficiency of evidence to warrant the order. Motion was overruled, exception taken, and the garnishees appealed.

*Mr. John P. Judson,* for the Garnishees.

These garnishees were entitled to notice of the hearing had at Olympia October 19, 1885. (Code, sec. 2140.) The court found that there was still due on those notes, so indorsed by these garnishees, the sum of $2,104.75. This was the consideration for the transfer of the goods; whether that transfer was absolute or conditional, it placed the property beyond the reach of attachment, and beyond the reach of garnishee process. Assuming the position of the court to be true, that these goods were transferred to the garnishees as security merely, the interest of Weisbach was purely equitable and depending upon a contingency; such an interest cannot be reached by garnishee process. (Drake on Attachment, 5th ed., secs. 551, 457, 545, 462, 521, 526, 527, 533, 553.) The laws of California are like ours on this subject. (Olney's Cal. Code Civ. Proc., 4th ed., secs. 543–545; Code, secs. 180–182.) The following cases also support this position: *Hassie* v. *G. I. W. U. Congregation,* 35 Cal. 384; *Beckham* v. *Carter,* 1 Western Rep. 715;

*Massachusetts Nat. Bank* v. *Bullock*, 120 Mass. 88; *Bacon* v. *Marshall*, 37 Iowa, 581; *Cox* v. *Rienhardt*, 41 Tex. 591; *Brace* v. *Grady*, 36 Iowa, 352; *Jones* v. *Holland*, 47 Ala. 732. These garnishees claim these goods as their own; they deny that defendant has any title, and to take these goods or proceeds upon this order is to deprive them of their property without due process of law. They have the right to have this question of title tried by a jury. (*Coombs* v. *Davis*, 2 Wash. 466.)

*Messrs. Glidden & Towne*, for the Defendants in Error.

The District Court, as a court of general jurisdiction, is presumed to have found all things done necessary to authorize it to proceed in the case. (Wells on Jurisdiction of Courts, sec. 37; *Baker* v. *Chapline*, 12 Iowa, 204, and cases cited.) The court passed on the question of want of notice in overruling the motion of plaintiffs in error to set aside the order, and that ruling will not be disturbed by this court. The record shows that J. P. Judson appeared in the examination before the referee, in the double capacity of attorney for the garnishees and for the defendant Weisbach; and that on October 16, 1885, a notice of hearing the motion for the order complained of directed to defendant Weisbach, these plaintiffs in error as garnishees, and said Judson, as attorney for said defendant and garnishees, was served upon him. The service of notice upon Judson binds all the parties for whom he had previously appeared. (Code, secs. 3284, 746.) But admitting that no notice was given of the hearing on motion for the order against the garnishees, it is only an irregularity, and if the order is otherwise legal and proper, it is not sufficient ground for setting it aside. It is error without prejudice, and no ground for vacating the order. (*Village of Ponca* v. *Crawford*, 26 N. W. Rep. 365; *Gibson* v. *Sullivan*, 26 N. W. Rep. 368; *Hudnutt* v. *Gardner*, 26 N. W. Rep. 502; *George* v. *Silva*, 9 Pac. Rep. 257; *Strong* v. *Kamm*, 9 Pac. Rep. 331;

*Mobile and Montgomery Railway Co.* v. *Jurey*, 111 U. S. 584.) No valid defense to the order, and no prejudice, was shown upon the application to set it aside, hence there was no error in refusing to vacate the order for want of notice. (Code, sec. 441.) The evidence fairly construed shows that the garnishees had no right or title to the stock of merchandise, and that the bill of sale and the possession taken thereunder was given and received for the sole purpose of securing them against loss by reason of having indorsed defendant Weisbach's notes; that therefore the bill of sale constitutes a chattel mortgage or pledge. (Jones on Chattel Mortgages, sec. 27; *Stearns* v. *Marsh*, 4 Denio, 227; *Holton* v. *Meighen*, 15 Minn. 69; *Winner* v. *Hoyt*, 28 N. W. Rep. 380.) The garnishees are bound by the facts disclosed in their evidence. They will not be heard to claim the title to the property, when the facts shown by them, upon which their claim of title is based, show conclusively that they only have a lien for security. (*Pinney* v. *Fridley*, 9 Minn. 34; *Donnelly* v. *O'Connor*, 22 Minn. 309.) Though the law does not contemplate the trial of title to property by the garnishee process, section 182 enables the plaintiff to probe the conscience of the garnishee, and from him bring to light all the facts touching the property of defendant in his possession, that the court may pass thereon and determine his right thereto. (*Coombs* v. *Davis*, 2 Wash. 466.) The interest of the mortgagor or pledgor may be attached in this territory. (Code, sec. 1990; *Coombs* v. *Davis*, 2 Wash. 466.) As the courts were originally organized in this country, an equitable interest could not be attached under a law process; but that rule has been changed in many of the states and territories by statute. (Code, *supra; Norton* v. *Norton*, 1 Western Rep. 519; *Mooney* v. *Broadway*, 11 Pac. Rep. 114.) The language of section 182 of our Code clearly indicates that property may be attached in the hands of a third party, claiming a lien thereon, and held to answer the

claim of the attaching creditor; and "the court or judge may, after such examination, order personal property capable of manual delivery to be delivered to the sheriff, on such terms as may be just, having reference to any liens thereon, or claims against the same, and a memorandum to be given of all other personal property, containing the amount and description thereof."

Mr. Justice LANGFORD delivered the opinion of the court.

In the District Court there was an action entitled *Arnold, Pollock, & Co.* v. *R. Jacob Weisbach.* In that case judgment was entered against the defendant. No appeal has been taken from that judgment, and *that* defendant does not appear to have any interest in the case before us. The adverse parties in the case before us appear to be Joseph Klee, Peter O'Riley, and Frederick Nachtstein, appellants, *v.* Arnold, Pollock, & Co., appellees. The appeal is taken from an order (so called) that the appellants deliver certain property to the sheriff of Pierce County after they have paid themselves a certain amount. The appellants have never been parties plaintiff or defendant in any action, nor have they been impleaded therein. The order against them is made in favor of the sheriff, who has never been a party to any action. The order purports to order appellants to deliver property which they claim as their own to a third party. If the order is valid, then private property may be taken by a *fiat* of a judge without any due course of law. The appellants, not having been parties to any action, nor impleaded therein, and never having had their day in court, were probably taken by surprise by the order. They immediately after it was made applied for its vacation, and the appellees resisted it. From that time up to the final argument in this court, the appellant and appellees have been adversaries, yet in the midst of the

contest, the appellee declares that neither of the parties are adversaries.

The principles of this case were fully discussed and decided in the case of *Coombs* v. *Davis*, 2 Wash. 466. We are satisfied with that decision, and apply it to this case. The order of the District Court is reversed and set aside.

GREENE, C. J., and TURNER, J., concurred.